**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-2092**

SEA "B" MINING COMPANY, c/o HealthSmart Casualty Claims Solutions,

        Petitioner,

      v.

THOMAS E. MARTIN; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (21-0166 BLA)

Submitted:  November 8, 2023           Decided:  December 13, 2023

Before DIAZ, Chief Judge, and RICHARDSON and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Timothy W. Gresham, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sea "B" Mining Co. ("Employer") petitions this court for review of the Benefits Review Board's ("BRB") order affirming the Administrative Law Judge's ("ALJ") decision granting Thomas E. Martin's subsequent claim for benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901 to 944. Employer argues that the ALJ's decision to credit the opinions of Dr. J. Randolph Forehand over the opinions of Drs. Jeffrey Sargent and Roger McSharry was neither supported by substantial evidence nor adequately explained. We deny the petition for review.

Our review of an ALJ decision that the BRB has affirmed is "highly deferential." *W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018). We review the legal conclusions of the BRB and ALJ de novo, considering whether those conclusions "are rational and consistent with applicable law." *Id.* (internal quotation marks omitted); *see Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 206 (4th Cir. 2022). With respect to factual findings, our review is limited to considering "whether substantial evidence supports the factual findings of the ALJ." *Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 668 (4th Cir. 2017) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently

2

explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

"We are not at liberty to substitute our judgment for that of the ALJ but rather must defer to the ALJ's evaluation of the proper weight to accord the evidence, including conflicting medical opinions." *Westmoreland Coal Co. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013) (internal quotation marks omitted). However, an ALJ remains obliged to conduct "an appropriate analysis of the evidence to support his conclusion." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir. 1998). "[E]ven if legitimate reasons exist for rejecting or crediting certain evidence, the ALJ cannot do so for no reason or for the wrong reason." *Addison*, 831 F.3d at 252-53 (cleaned up). The ALJ also is required "to adequately explain why he credited certain evidence and discredited other evidence." *Hicks*, 138 F.3d at 532. While this requirement "is not intended to be a mandate for administrative verbosity," the reviewing court must be able to "discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

To establish entitlement to black lung benefits, a claimant must prove that (1) he has pneumoconiosis; (2) it arose from his coal mine employment; (3) he has a totally disabling respiratory or pulmonary impairment; and (4) his pneumoconiosis substantially contributes to his disabling impairment. 20 C.F.R. §§ 718.202, 718.203, 718.204, 725.202(d); *see Stallard*, 876 F.3d at 667. Under the Act, "pneumoconiosis" is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment," and includes both "clinical" and

"legal" pneumoconiosis.  20 C.F.R. § 718.201(a).  "'Clinical pneumoconiosis' consists of those diseases recognized by the medical community as pneumoconiosis," which are "characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment."  20 C.F.R. § 718.201(a)(1).  "'Legal pneumoconiosis' includes any chronic lung disease or impairment and its sequelae arising out of coal mine employment."  20 C.F.R. § 718.201(a)(2).  "[A]rising out of coal mine employment" means "significantly related to, or substantially aggravated by, dust exposure in coal mine employment."  20 C.F.R. § 718.201(b).

Employer argues that the ALJ erred in affording weight to Forehand's opinion, asserting that Forehand's opinion is neither well reasoned nor well documented because it was formed with the belief that Martin's coal mine employment spanned 15 years, failed to take into account Martin's smoking history, and assumed that coal dust exposure substantially contributed to Martin's disability.  Having reviewed the record, we conclude that substantial evidence supports the ALJ's reliance on Forehand's opinion and that the ALJ adequately explained why he credited Forehand.  Contrary to Employer's assertions, Forehand attributed to Martin a lengthy smoking history and specifically explained that the additive effects of coal dust and cigarettes meant both factors substantially contributed to his respiratory impairment.  Further, in crediting Forehand's opinion, the ALJ explained that the opinion was supported by the underlying documentation, supported to some extent by the opinions of Drs. Michael Green and Elie Nader, and buttressed by the cross-examination testimony of one of Employer's doctors.  The ALJ also accounted for the four-

4

year discrepancy between the employment history Forehand relied on and the history as found, explaining that the discrepancy did not significantly undermine the credibility of Forehand's reasoned, well-documented opinion. *See Harman Mining Co. v. Dir., Off. of Workers' Comp. Programs*, 678 F.3d 305, 311 n.2 (4th Cir. 2012) (finding four-year difference between the lengths of coal mine employment relied on by a doctor and the ALJ was "relatively insignificant" and did not "compel rejection" of the doctor's conclusion).

Relatedly, Employer contends that the ALJ should have credited the opinions of McSharry and Sargent. Again, the ALJ's decision to discredit those opinions was supported by substantial evidence. As the ALJ observed, those doctors' assumption that Martin's smoking history was the sole cause of his obstructive disorder was inadequately explained, and it contradicted the scientific premises underlying the black lung regulations. Because the ALJ's determinations were rational, explained, and supported by substantial evidence, we decline Employer's invitation to substitute our weighing of the conflicting opinions for that of the ALJ.* *See Cochran*, 718 F.3d at 322.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

* Because we conclude that the ALJ did not err in crediting Forehand's findings of legal pneumoconiosis and disability causation, we do not reach Employer's remaining arguments regarding whether the ALJ erred in also finding clinical pneumoconiosis.